IN THE COURT OF APPEALS OF NORTH CAROLINA

 2021-NCCOA-426

 No. COA20-411

 Filed 17 August 2021

 Haywood County, 18 CRS 51349-50, 18 CRS 643

 STATE OF NORTH CAROLINA

 v.

 CORDERO DEON NEWBORN, Defendant.

 Appeal by Defendant from judgment entered 25 October 2019 by Judge

 Thomas H. Lock in Haywood County Superior Court. Heard in the Court of Appeals

 8 June 2021.

 Attorney General Joshua H. Stein, by Associate Attorney General Jarrett
 McGowan, for the State.

 Joseph P. Lattimore for defendant-appellant.

 MURPHY, Judge.

¶1 When the charge of possession of a firearm by a felon is brought in an

 indictment containing other related offenses, the indictment for that charge is

 rendered fatally defective and invalid, thereby depriving a trial court of jurisdiction

 over it. See State v. Wilkins, 225 N.C. App. 492, 497, 737 S.E.2d 791, 794 (2013).

 When a trial court makes a conclusion of law while denying a motion to suppress, it

 must do so with the support of adequate findings of fact that resolve any material

 conflicts presented by the evidence.
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

¶2 Defendant was charged with possession of a firearm by a felon and two related

 offenses in a single indictment. The State’s failure to obtain a separate indictment

 for the charge rendered it fatally defective and invalid, and did not invoke the trial

 court’s jurisdiction. According to binding caselaw, we vacate Defendant’s conviction

 for possession of a firearm by a felon.

¶3 Additionally, the trial court’s ruling on Defendant’s Motion to Suppress was

 based on improper findings of fact regarding a material conflict in the evidence of the

 firearm’s accessibility. Given the absence of appropriate findings of fact pertaining

 to this material conflict, the trial court improperly concluded that the firearm was

 readily accessible so as to objectively create probable cause that it was evidence of a

 crime. We therefore remand this matter with instructions for the trial court to make

 adequate findings of fact resolving the material conflict regarding the firearm’s

 accessibility presented by Defendant’s Motion to Suppress.

¶4 Finally, because the trial court’s findings on remand will directly impact the

 validity of Defendant’s non-vacated convictions, Defendant’s third issue on appeal

 regarding the trial court’s omission of an actual knowledge requirement from its jury

 instruction on possession of a firearm with an altered/removed serial number, and

 related ineffective assistance of counsel claim, are not yet ripe for our consideration

 and are therefore dismissed without prejudice.

 BACKGROUND
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

¶5 At approximately 11:30 p.m. on 25 April 2018 in Maggie Valley, an on-duty

 patrol officer, Sergeant Ryan Flowers, ran the registration plate of a vehicle driving

 on U.S. Highway 19 through his patrol vehicle’s mobile data terminal (“MDT”). The

 MDT indicated that Defendant Cordero Deon Newborn was the registered owner of

 the vehicle and had a permanently revoked driver’s license. Based on this

 information, Sgt. Flowers pursued the vehicle and checked the MDT for pending

 criminal cases, which reflected Defendant had four counts of misdemeanor driving

 while license revoked-not impaired revocation cases pending. After catching up with

 the vehicle, Sgt. Flowers initiated a traffic stop.

¶6 Sgt. Flowers verified Defendant was the driver of the vehicle. Immediately

 upon interacting with Defendant and his passenger, Samuel Nathanial Angram, III,

 Sgt. Flowers identified the smell of marijuana emanating from the vehicle. When he

 inquired about the odor, Angram reportedly stated “[t]here’s none in here, man. I

 just smoked a little in the car a while ago.” Citing “probable cause . . . [to] believe []

 marijuana was located in the vehicle” based on the odor and Angram’s admission,

 Sgt. Flowers decided to conduct a search of the vehicle, and called for backup.

¶7 Sergeant Jeff Mackey arrived on the scene. Angram indicated to Sgt. Mackey

 that there was a firearm underneath the passenger seat, which Sgt. Mackey located.

 While searching the driver’s side of the vehicle–where the smell of marijuana was

 reportedly most pungent–Sgt. Flowers felt and visually identified the handgrip of a
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 pistol between the vehicle’s center console panel and carpeting, and placed Defendant

 under arrest for carrying a concealed weapon in violation of N.C.G.S. § 14-269(a).

 Sgt. Flowers then removed the vehicle’s plastic center console panel from the center

 and retrieved the firearm–a loaded, .45-caliber semiautomatic handgun that was

 missing a serial number on its frame and barrel.1

¶8 On 6 August 2018, Defendant was indicted for possession of a firearm by a

 felon in violation of N.C.G.S. § 14-415.1; possession of a firearm with an

 altered/removed serial number in violation of N.C.G.S. § 14-160.2(b); and carrying a

 concealed weapon in violation of N.C.G.S. § 14-269(a). In a separate indictment,

 Defendant was charged with attaining habitual felon status as defined by N.C.G.S. §

 14-7.1.

¶9 On 11 March 2019, Defendant filed a pretrial Motion to Suppress any evidence

 seized during the traffic stop. The motion was heard and denied on 22 October 2019,

 after the trial court found that Sgt. Flowers described the firearm as “readily

 accessible.” However, the trial court made no findings as to the firearm’s readily

 accessible location. At trial, Defendant did not raise a renewed objection when

 materials pertaining to the firearm seized from the center console area were

 1 While Sgt. Flowers testified that he could not “recall whether [it was] on the roadside

 or after [he] transported [Defendant] to the detention facility[,]” his testimony established
 that at some point after he retrieved the firearm from the vehicle’s center console area, he
 discovered that Defendant was a convicted felon.
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 introduced and admitted into evidence.

¶ 10 The jury found Defendant guilty of possession of a firearm by a felon,

 possession of a firearm with an altered/removed serial number, and carrying a

 concealed weapon. As a result of the guilty verdicts, Defendant pled guilty to

 attaining habitual felon status.2 On 25 October 2019, the trial court entered

 judgment, and Defendant provided oral notice of appeal.

¶ 11 Defendant raises three issues on appeal: (A) the trial court lacked jurisdiction

 over the charge of possession of a firearm by a felon because it was not contained in

 a separate indictment as required by the governing statute; (B) the trial court plainly

 erred in denying Defendant’s pretrial Motion to Suppress; and (C) the trial court

 plainly erred by failing to instruct the jury on the requirement of actual knowledge

 as an element of the offense of possession of a firearm with an altered/removed serial

 number.

 ANALYSIS

 A. Indictment for Possession of a Firearm by a Felon

¶ 12 “We review the sufficiency of an indictment de novo.” Wilkins, 225 N.C. App.

 2 Defendant also pled guilty to a Class 3 misdemeanor of driving while license revoked-

 not an impaired revocation, but does not make any argument pertaining to that offense on
 appeal. His appeal of that conviction is therefore deemed abandoned. See State v. Harris, 21
 N.C. App. 550, 551, 204 S.E.2d 914, 915 (1974) (stating that issues “not set out in [an]
 appellant’s brief, or in support of which no reason or argument is stated or authority cited,
 will be taken as abandoned”); N.C. R. App. P. 28(b)(6) (2021).
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 at 495, 737 S.E.2d at 793. While Defendant failed to challenge his indictment for the

 charge of possession of a firearm by a felon at the trial court, “where an indictment is

 alleged to be invalid on its face, thereby depriving the trial court of its jurisdiction, a

 challenge to that indictment may be made at any time, even if it was not contested in

 the trial court.” State v. Wallace, 351 N.C. 481, 503, 528 S.E.2d 326, 341, cert. denied,

 531 U.S. 1018, 148 L. Ed. 2d 498, reh’g denied, 531 U.S. 1120, 148 L. Ed. 2d 784

 (2000).

¶ 13 N.C.G.S. § 14-415.1(c) dictates “[t]he indictment charging [a] defendant [with

 possession of a firearm by a felon] shall be separate from any indictment charging

 him with other offenses related to or giving rise to [that] charge[.]” N.C.G.S. § 14-

 415.1(c) (2019).

¶ 14 Defendant’s charge of possession of a firearm by a felon was contained in a

 single indictment with two other charges: possession of a firearm with an

 altered/removed serial number and carrying a concealed weapon. Defendant quotes

 N.C.G.S. § 14-415.1(c) and asserts these charges are “relate[d] to or giv[e] rise to” the

 possession of a firearm by a felon charge, given that all three charges pertain to the

 same weapon and arose from the same search. In support of his contention,

 Defendant cites Wilkins, where we held the language of N.C.G.S. § 14-415.1(c)

 “mandates that a charge of [p]ossession of a [f]irearm by a [f]elon be brought in a

 separate indictment from charges related to it[.]” Wilkins, 225 N.C. App. at 497, 737
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 S.E.2d at 794.

¶ 15 In Wilkins, the defendant was indicted for possession of a firearm by a felon

 and assault with a deadly weapon. Id. at 493, 737 S.E.2d at 793. Both charges were

 listed in the same indictment, referred to the same weapon, and arose from the same

 incident–the defendant’s use of a firearm during a robbery. Id. at 496, 737 S.E.2d at

 794. Giving “effect to the intent of the legislature as expressed in the statute’s plain

 language[,]” we concluded the State’s failure to obtain a separate indictment for that

 charge rendered it “fatally defective, and thus invalid.” Id. at 497, 737 S.E.2d at 794.

 As a result, we held the trial court lacked jurisdiction over the charge of possession

 of a firearm by a felon, and vacated the defendant’s conviction for the offense. Id.

¶ 16 In response to Defendant’s arguments regarding the separate indictment

 requirement, the State urges that Wilkins, and any cases consistent with it, must be

 read in light of State v. Brice, where our Supreme Court addressed a special

 indictment provision contained in N.C.G.S. § 15A-928(b). State v. Brice, 370 N.C.

 244, 249, 806 S.E.2d 32, 36 (2017). N.C.G.S. § 15A-928(b) requires, inter alia, that

 “[a]n indictment or information for the offense must be accompanied by a special

 indictment . . . .” N.C.G.S. § 15A-928(b) (2019). In Brice, our Supreme Court noted

 that while the special indictment provision was “couched in mandatory terms, that

 fact, standing alone, does not make them jurisdictional in nature.” Brice, 370 N.C. at

 253, 806 S.E.2d at 38. After “a careful examination of the language . . . , coupled with
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 an analysis of the purposes sought to be served[,]” our Supreme Court ultimately

 concluded that the special indictment provision in N.C.G.S. § 15A-928(b) was not

 jurisdictional in nature, and as a result, the defendant could not challenge an

 indictment’s failure to comply with that special indictment provision for the first time

 on appeal. Id. The State argues we should apply this same reasoning to the present

 case to conclude that the separate indictment provision contained in N.C.G.S. § 14-

 415.1(c) does not constitute a jurisdictional requirement, and consequently,

 Defendant’s challenge to the indictment has been waived because he raised it for the

 first time on appeal.

¶ 17 However, we must follow the well-established principle that “[w]here a panel

 of the Court of Appeals has decided the same issue . . . a subsequent panel of the same

 court is bound by that precedent, unless it has been overturned by a higher court.”

 In re Civil Penalty, 324 N.C. 373, 384, 379 S.E.2d 30, 37 (1989) (emphasis added).

 Our Supreme Court’s decision in Brice pertained to a special indictment provision in

 a completely different statute, while our decision in Wilkins concerned the same issue

 posed in the present case by Defendant: the separate indictment provision in N.C.G.S.

 § 14-415.1(c).

¶ 18 Consistent with our decision in Wilkins, we hold the State’s failure to obtain a

 separate indictment for the offense of possession of a firearm by a felon, as mandated

 by N.C.G.S. § 14-415.1(c), rendered the indictment fatally defective and invalid as to
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 that charge. Accordingly, the trial court lacked jurisdiction over the charge of

 possession of a firearm by a felon. See Wilkins, 225 N.C. App. at 497, 737 S.E.2d at

 794. Defendant’s conviction for possession of a firearm by a felon in violation of

 N.C.G.S. § 14-415.1 is vacated.

 B. Motion to Suppress

¶ 19 Defendant also challenges the trial court’s denial of his pretrial Motion to

 Suppress, and subsequent admission of the firearm seized from the center console of

 his vehicle into evidence at trial, on the grounds that the firearm was retrieved

 through an unreasonable search and seizure in violation of the United States and

 North Carolina constitutions. See Mapp v. Ohio, 367 U.S. 643, 655, 6 L. Ed. 2d 1081,

 1090 (holding the Fourth Amendment of the United States Constitution applies to

 the states through the Due Process Clause of the Fourteenth Amendment), reh’g

 denied, 368 U.S. 871, 7 L. Ed. 2d 72 (1961); State v. Garner, 331 N.C. 491, 506, 417

 S.E.2d 502, 510 (1992) (“Article I, Section 20 of [the North Carolina] Constitution,

 like the Fourth Amendment to the United States Constitution, prohibits

 unreasonable searches and seizures[.]”). After addressing whether Defendant

 properly preserved this matter for appellate review, we examine whether the trial

 court’s Order Denying Defendant’s Motion to Suppress Evidence made adequate

 findings of fact pertaining to the material conflict of the accessibility of the firearm

 seized from the center console area.
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 1. Preservation

¶ 20 Defendant filed a pretrial Motion to Suppress items seized during the 25 April

 2018 search of his vehicle, which the trial court denied. However, Defendant failed

 to raise a renewed objection at trial when the State introduced the seized firearm,

 and photographs of it, into evidence. Accordingly, the issue was not properly

 preserved for appellate review. See State v. Golphin, 352 N.C. 364, 463, 533 S.E.2d

 168, 232 (2000) (citation omitted) (“A defendant cannot rely on his pretrial motion to

 suppress to preserve an issue for appeal. His objection must be renewed at trial.”),

 cert. denied, 532 U.S. 931, 149 L. Ed. 2d 305 (2001).

¶ 21 However, Defendant “specifically and distinctly” argues on appeal that the

 trial court’s denial of his motion, and subsequent admission of the firearm into

 evidence, amounted to plain error. See State v. Waring, 364 N.C. 443, 508, 701 S.E.2d

 615, 655 (2010) (marks omitted) (“In criminal cases, a question which was not

 preserved by objection nevertheless may be made the basis of an [appeal] where the

 judicial action questioned is specifically and distinctly contended to amount to plain

 error.”), cert. denied, 565 U.S. 832, 181 L. Ed. 2d 53 (2011); see also N.C. R. App. P.

 10(a)(4) (2021).

 2. Plain Error

¶ 22 Our Supreme Court has held:

 For error to constitute plain error, a defendant must
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 demonstrate that a fundamental error occurred at trial. To
 show that an error was fundamental, a defendant must
 establish prejudice–that, after examination of the entire
 record, the error had a probable impact on the jury’s
 finding that the defendant was guilty. Moreover, because
 plain error is to be applied cautiously and only in the
 exceptional case, the error will often be one that seriously
 affects the fairness, integrity or public reputation of
 judicial proceedings.

 State v. Lawrence, 365 N.C. 506, 518, 723 S.E.2d 326, 334 (2012) (marks and citations

 omitted). We “apply the plain error standard of review to unpreserved instructional

 and evidentiary errors in criminal cases.” State v. Maddux, 371 N.C. 558, 564, 819

 S.E.2d 367, 371 (2018) (reiterating the plain error standard from Lawrence, 365 N.C.

 at 518, 723 S.E.2d at 334).

¶ 23 “In conducting our review for plain error, we must first determine whether the

 trial court did, in fact, err in denying Defendant’s motion to suppress.” State v.

 Powell, 253 N.C. App. 590, 594, 595, 800 S.E.2d 745, 748-49 (2017) (noting that, in a

 plain error analysis regarding the denial of a motion to suppress, we apply the normal

 standard of review to determine whether error occurred).

¶ 24 “The standard of review in evaluating the denial of a motion to suppress is

 whether competent evidence supports the trial court’s findings of fact and whether

 the findings of fact support the conclusions of law.” State v. Jackson, 368 N.C. 75, 78,

 772 S.E.2d 847, 849 (2015). “Competent evidence is evidence that a reasonable mind

 might accept as adequate to support the finding.” State v. Ashworth, 248 N.C. App.
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 649, 651, 790 S.E.2d 173, 176, disc. rev. denied, 369 N.C. 190, 793 S.E.2d 694 (2016).

 a. Findings of Fact

¶ 25 Defendant argues that the trial court made erroneous findings of fact in its

 Order Denying Defendant’s Motion to Suppress Evidence, specifically contending that

 Findings of Fact 23 and 25 were not supported by competent evidence. Finding of

 Fact 23 states:

 23. That afterwards, [Sgt.] Flowers re-approached
 Defendant and asked him if there were any other firearms
 in the vehicle, to which Defendant replied there were not.
 [Sgt.] Flowers then began to search the vehicle. He
 concentrated on the front driver’s side floorboard and
 center console area because that is where the odor of
 marijuana smelled strongest to him.

 The finding immediately preceding Finding of Fact 23 pertained to Sgt. Mackey’s

 discovery of the first firearm underneath the vehicle’s passenger seat. Defendant

 claims Finding of Fact 23 inaccurately states that Sgt. Flowers began searching the

 center console area of the vehicle immediately after Sgt. Mackey’s discovery of the

 first firearm, when Sgt. Mackey’s testimony established both he and Sgt. Flowers

 conducted individual searches that bore no fruit prior to the search referenced in

 Finding of Fact 23.

¶ 26 However, the testimony Defendant references, where Sgt. Mackey stated “I

 searched it once; he searched it once because he started on the driver’s side and I

 started on the passenger side[,]” does not establish a clear timeline for these searches.
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 This testimony could be reasonably construed to indicate these initial searches

 occurred prior to, or concurrently with, the search of the center console area by Sgt.

 Flowers referenced in Finding of Fact 23. Further, the language “[t]hat afterwards”

 merely indicates that Sgt. Flowers’ discovery of a firearm on the driver’s side of the

 vehicle occurred after Sgt. Mackey’s discovery of a firearm underneath the passenger

 seat. This general timeline was not disputed and is corroborated by Defendant’s own

 challenge on appeal.

¶ 27 Sgt. Mackey’s testimony was “evidence that a reasonable mind might accept as

 adequate to support the finding” that Sgt. Flowers searched the driver’s side of the

 vehicle and located a firearm in the center console area after Sgt. Mackey discovered

 a firearm underneath the passenger seat. See Ashworth, 248 N.C. App. at 651, 790

 S.E.2d at 176. Finding of Fact 23 does not constitute an erroneous finding of fact.

¶ 28 Defendant also argues that Finding of Fact 25 was not supported by competent

 evidence. Finding of Fact 25 states:

 25. That [Sgt.] Flowers then removed the driver’s side,
 plastic center console panel from the center console. It took
 some effort, but no tools were needed. He located a Kahr
 model CW45 .45-caliber semi-automatic handgun in a
 natural void behind the panel.

 (Emphasis added). Defendant challenges this finding of fact for “significantly

 downplay[ing] [the] difficulty [Sgt. Flowers had] in removing the console[,]” and

 further alleges there was no evidence at the suppression hearing to substantiate the
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 portion of the finding that states “no tools were needed.” We agree that this portion

 of Finding of Fact 25 regarding no need for tools was not supported by competent

 evidence.

¶ 29 At the hearing on Defendant’s Motion to Suppress, Sgt. Flowers testified that

 the center console’s plastic covering “[p]retty much” popped right off, but also

 confirmed he “had to get on [his] hands and knees . . . [to] pull [it] loose[.]” He

 admitted it “took a little work” to remove the plastic panel, and stated he did not

 recall whether the center console had screws, or how it came loose. However, no

 further testimony or evidence relating to tools was given at the suppression hearing.

 It was only after the hearing, at trial, that Sgt. Flowers testified that he did not

 require special tools to remove the panel.

¶ 30 “[T]he facts supporting the trial court’s decision to grant or deny a defendant’s

 suppression motion will be established at the suppression hearing on the basis of

 testimony given under oath.” State v. Salinas, 366 N.C. 119, 125-26, 729 S.E.2d 63,

 68 (2012) (emphasis added) (marks omitted) (citing N.C.G.S. § 15A-977(d) (2011)). In

 reviewing the testimony presented at the hearing on Defendant’s Motion to Suppress,

 there was no “evidence that a reasonable mind might accept as adequate to support

 the finding” that “no tools were needed” in Sgt. Flowers’ removal of the center console

 panel. See Ashworth, 248 N.C. App. at 651, 790 S.E.2d at 176. Further, this portion

 of Finding of Fact 25 contradicts Sgt. Flowers’ own testimony at the hearing on
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 Defendant’s Motion to Suppress, where he stated that he did not recall whether the

 panel had screws or how it came loose.

¶ 31 Therefore, this challenged portion of Finding of Fact 25–“no tools were

 needed”–was unsupported by evidence presented at the Motion to Suppress hearing,

 and is not binding on appeal. See State v. Otto, 366 N.C. 134, 136, 726 S.E.2d 824,

 827 (2012).

 b. Conclusions of Law and Denial of the Motion to Suppress

¶ 32 We next determine whether–in the absence or presence of the aforementioned

 portion of Finding of Fact 25 and the trial court’s other related finding of fact3–the

 3 Though not referenced by Defendant in his challenge on appeal, we note that the

 trial court’s Finding of Fact 27, which states “on re-direct examination, [Sgt.] Flowers
 described the Kahr firearm as ‘readily accessible’ to someone who knew it was there, as he
 could feel it and see it without removing the panel[,]” cannot properly be considered as a
 finding of fact, as it reflects a mere recitation of testimony. See In re: N.D.A., 373 N.C. 71,
 75, 833 S.E.2d 768, 772 (2019) (marks omitted) (“We agree with the Court of Appeals that
 recitations of the testimony of [a] witness do not constitute findings of fact by the trial
 judge.”); State v. Lang, 309 N.C. 512, 520, 308 S.E.2d 317, 321 (1983) (“Although . . .
 recitations of testimony may properly be included in an order denying suppression, they
 cannot substitute for findings of fact resolving material conflicts.”).
 Our review must be “limited to those facts found by the trial court and the conclusions
 reached in reliance on those facts, not the testimony recited by the trial court in its order.”
 State v. Derbyshire, 228 N.C. App. 670, 679-80, 745 S.E.2d 886, 892-93 (2013) (emphasis
 added) (holding “mere recitation of testimony . . . is not sufficient to constitute a valid finding
 of fact”), disc. rev. denied, 367 N.C. 289, 753 S.E.2d 785 (2014). Accordingly, in determining
 whether the trial court made proper findings of fact as to the material conflict of the firearm’s
 accessibility, we limit our review to the trial court’s proper findings of fact. We further note
 that this recitation of Sgt. Flowers’ testimony regarding his subjective opinion as to the
 firearm’s accessibility, which the trial court erroneously designated as a finding of fact,
 cannot provide the objective probable cause necessary to conduct a warrantless search of the
 vehicle. See State v. Burwell, 256 N.C. App. 722, 733, 808 S.E.2d 583, 592 (2017) (citing
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

trial court’s remaining findings of fact support its conclusions of law and denial of

Defendant’s Motion to Suppress. In its order denying the motion, the trial court made

the following conclusions of law:

 3. . . . [Sgt.] Flowers had reasonable and articulable
 suspicion of criminal activity to justify a motor vehicle stop
 based upon the information which he received from his
 MDT regarding the registration and driver’s license
 information relating to [Defendant’s vehicle]; . . . .

 4. That the positive identification of Defendant as the
 driver . . . justified further detainment[.]

 5. That immediately after engaging Defendant in
 Defendant’s vehicle, [Sgt.] Flowers developed probable
 cause to conduct a warrantless search of the [vehicle] due
 to the “relatively strong” odor of marijuana emanating
 from the interior of the vehicle, particularly after the
 passenger’s admission that marijuana had just been
 smoked. . . .

 6. That the discovery of the first firearm under the
 passenger’s seat by [Sgt.] Mackey provided additional
 probable cause to search the vehicle, as it supported a
 second violation, to wit: Carrying a Concealed Weapon . . .
 , and more concealed weapons may have been present.

 7. That [Sgt.] Flowers’ decision to search the [vehicle] and
 the subsequent search thereof − including the scope of that
 search − was reasonably-based upon the totality of the

Devenpeck v. Alford, 543 U.S. 146, 160 L. Ed. 2d 537 (2004)) (“[W]arrantless arrests are
reasonable under the Fourth Amendment if there is objective probable cause to arrest for the
violation of an offense.”), disc. rev. denied, appeal dismissed, 370 N.C. 569, 809 S.E.2d 873
(2018); see also State v. McClendon, 350 N.C. 630, 636, 517 S.E.2d 128, 132 (1999) (“[F]or
situations arising under [the North Carolina] Constitution, we hold that an objective
standard, rather than a subjective standard, must be applied to determine the
reasonableness of police action related to probable cause.”).
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 circumstances, and such circumstances were sufficiently
 strong in and of themselves to establish probable cause for
 this search and the resulting arrest of Defendant for the
 charges of Possession of Firearm by Felon, Possession of
 a Firearm with Altered/Removed Serial Number, Carrying
 a Concealed Weapon, and Driving While License Revoked
 − Not Impaired Revocation.

 8. That the stop, investigation, detention, and arrest of
 Defendant did not constitute a violation of the federal or
 state constitutions, and it was in compliance with the
 North Carolina Criminal Procedure Act contained in
 Chapter 15A of the North Carolina General Statutes.

 Defendant argues the trial “court’s conclusion that there was probable cause . . . was

 in conflict with the testimony of Sgt. Flowers.”

¶ 33 Both the United States Constitution and our state constitution protect

 individuals from unreasonable searches and seizures, and evidence seized in violation

 of these constitutional protections must be suppressed. U.S. Const. amend. IV; N.C.

 Const. art. I, § 20; see Garner, 331 N.C. at 505-06, 417 S.E.2d at 510; Mapp, 367 U.S.

 at 655, 6 L. Ed. 2d at 1090.

¶ 34 We note that Sgt. Flowers’ action of removing the center console constituted a

 separate search from the search for marijuana that was the lawful objective of his

 entry into the driver’s side of the vehicle. See Arizona v. Hicks, 480 U.S. 321, 324-25,

 94 L. Ed. 2d 347, 353-54 (1987) (holding an officer’s “moving of [stereo] equipment . .

 . constitute[d] a [search] separate and apart from the search for the shooter, victims,

 and weapons that was the lawful objective of [the police officer’s] entry into the
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 apartment.”).

¶ 35 Merely inspecting the portion of the firearm that came into Sgt. Flowers’ view

 during the search for marijuana was not an independent search, as it did not produce

 an additional invasion of Defendant’s privacy interest. See id. at 325, 94 L. Ed. 2d at

 354. However, “taking action, unrelated to the objectives of the authorized intrusion,

 which exposed to view concealed portions of [the vehicle’s] contents, did produce a

 new invasion of [Defendant’s] privacy unjustified by the exigent circumstance that

 validated the entry.” Id. The “distinction between looking at a suspicious object in

 plain view and moving it even a few inches is much more than trivial for purposes of

 the Fourth Amendment.” Id. (marks omitted).

¶ 36 Therefore, it must be determined whether this independent search of the

 console area was reasonable. The lack of a relationship between Sgt. Flowers’ search

 of the center console area and the initial entry to the vehicle does not render the

 search ipso facto unreasonable, as:

 That lack of relationship always exists with regard to
 action validated under the plain view doctrine[.] . . . It
 would be absurd to say that an object could lawfully be
 seized and taken from the premises, but could not be moved
 for closer examination. It is clear, therefore, that the
 search here was valid if the plain view doctrine would have
 sustained a seizure of the [firearm]. . . . [I]n order to invoke
 the plain view doctrine[,] . . . probable cause [to believe the
 item was evidence of a crime] is required.

 Id. at 325-26, 94 L. Ed. 2d at 354-55 (marks omitted).
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

¶ 37 “Objects which are in the plain view of a law enforcement officer who has the

 right to be in the position to have that view are subject to seizure and may be

 introduced into evidence.” State v. Hunter, 299 N.C. 29, 34, 261 S.E.2d 189, 193

 (1980). Under the plain view doctrine:

 [P]olice may seize contraband or evidence if (1) the officer
 was in a place where he had a right to be when the evidence
 was discovered; (2) the evidence was discovered
 inadvertently; and (3) it was immediately apparent to the
 police that the items observed were evidence of a crime or
 contraband.

 State v. Graves, 135 N.C. App. 216, 219, 519 S.E.2d 770, 772 (1999) (emphasis added).

¶ 38 Defendant does not challenge whether the officers had the authority to enter

 his vehicle to search for marijuana. Thus, the first prong of the plain view doctrine

 is not at issue. Additionally, there was testimony at the Motion to Suppress hearing

 supporting that Sgt. Flowers’ initial discovery of the firearm occurred inadvertently–

 while searching for marijuana and reaching in and around the vehicle’s center console

 area–and Defendant does not challenge whether the discovery occurred

 inadvertently, so the second prong of the plain view doctrine is also not at issue.

¶ 39 However, Defendant contends that the seizure does not comply with the third

 prong of the plain view doctrine and argues that it was not “immediately apparent”

 to Sgt. Flowers that the handgrip of the firearm constituted evidence of the crime of

 carrying a concealed weapon because it was not within easy reach and readily
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 accessible to Defendant.

¶ 40 “An item is immediately apparent under the plain view doctrine if the police

 have probable cause to believe that what they have come upon is evidence of criminal

 conduct.” State v. Haymond, 203 N.C. App. 151, 162, 691 S.E.2d 108, 119 (marks

 omitted), disc. rev. denied, 364 N.C. 600, 704 S.E.2d 275 (2010). “The substance of all

 the definitions of probable cause is a reasonable ground for belief of guilt.” State v.

 Zuniga, 312 N.C. 251, 261, 322 S.E.2d 140, 146 (1984) (marks omitted). “Probable

 cause exists where the facts and circumstances within [an] officer’s knowledge and of

 which they had reasonable trustworthy information are sufficient in themselves to

 warrant a [person] of reasonable caution in the belief that an offense has been or is

 being committed.” Id. (marks omitted).

¶ 41 “The essential elements of carrying a concealed weapon in violation of N.C.G.S.

 § 14-269(a) are: (1) [t]he accused must be off his own premises; (2) he must carry a

 deadly weapon; and (3) the weapon must be concealed about his person.” State v.

 Hill, 227 N.C. App. 371, 380, 741 S.E.2d 911, 918 (marks omitted), disc. rev. denied,

 appeal dismissed, 367 N.C. 223, 747 S.E.2d 577 (2013). The weapon does not

 necessarily need to be concealed “on the person of the accused, but in such a position

 as gives him ready access to it[.]” Id. at 381, 741 S.E.2d at 918 (emphasis added).

 The weapon must be “concealed near, in close proximity to him, and within his

 convenient control and easy reach, so that he could promptly use it, if prompted to do
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 so by any violent motive.” State v. Gainey, 273 N.C. 620, 623, 160 S.E.2d 685, 687

 (1968).

¶ 42 In his testimony at the Motion to Suppress hearing, Sgt. Flowers stated the

 firearm was “pretty hard to get to[,]” and confirmed he had to get on his hands and

 knees to remove the plastic covering of the center console. However, Sgt. Flowers

 also testified that he believed “if you knew [the firearm] was there, you could get it

 out just by prying the panels [loose] without breaking it all the way off.” He testified

 that he “could agree” with defense counsel that the firearm would not be readily

 accessible if the panel was not removed, but also said “[i]t could have been readily

 available. I did not have knowledge of how to pry that piece of material off. . . . I can’t

 confirm whether it’s easy or not easy to get to. I don’t own the vehicle.”

¶ 43 Based on this conflicting testimony, it is unclear what degree of difficulty Sgt.

 Flowers experienced in attempting to remove the center console panel. The

 contradictory evidence regarding this degree of difficulty is a material conflict

 requiring findings of fact, as establishing how difficult it was to remove the center

 console panel is a prerequisite to determining whether or not the firearm was “readily

 accessible” to create probable cause that the firearm constituted evidence of the crime

 of carrying a concealed weapon in violation of N.C.G.S. § 14-269(a).

¶ 44 The trial court’s Order Denying Defendant’s Motion to Suppress Evidence did

 not contain any findings of fact related to the degree of difficulty Sgt. Flowers had in
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 removing the center console panel and retrieving the firearm. As a result, the trial

 court failed to make necessary findings to resolve a material conflict presented by the

 evidence during the Motion to Suppress hearing: whether the firearm was within

 Defendant’s “convenient control and easy reach, so that he could promptly use it,”

 such that there was probable cause to believe it constituted evidence of the crime of

 illegally carrying a concealed weapon. See id.

¶ 45 Without resolving this material conflict through adequate findings of fact, the

 trial court’s conclusions regarding probable cause are not supported. Further,

 without adequate findings of fact regarding the firearm’s accessibility, the trial court

 could not properly rule on Defendant’s Motion to Suppress.

 3. Necessary Findings on Remand

¶ 46 The trial court’s failure to make necessary findings of fact prevents us from

 conducting meaningful appellate review of the material conflict presented by the

 evidence, and this error was capable of sufficiently prejudicing Defendant. See State

 v. Horner, 310 N.C. 274, 279, 311 S.E.2d 281, 285 (1984) (“Findings and conclusions

 are required in order that there may be a meaningful appellate review of the

 decision.”). We must remand for the trial court to make adequate findings of fact

 resolving whether or not the firearm was “readily accessible” to Defendant such that

 it objectively created probable cause to believe it constituted evidence of illegally

 carrying a concealed weapon. In making this determination, the trial court’s findings
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

 of fact must be limited to evidence adduced at the hearing on Defendant’s Motion to

 Suppress and may not substitute later testimony or mere recitations of testimony at

 the Motion to Suppress hearing for findings of fact on the motion. See Lang, 309 N.C.

 at 520, 308 S.E.2d at 321 (“Although . . . recitations of testimony may properly be

 included in an order denying suppression, they cannot substitute for findings of fact

 resolving material conflicts.”).

¶ 47 We therefore remand for further findings of fact consistent with this opinion.

 C. Instruction Regarding Actual Knowledge of Serial Number Removal

¶ 48 On remand, the determination of the firearm’s accessibility will directly impact

 not only the validity of the trial court’s order denying Defendant’s suppression motion

 and Defendant’s conviction for the non-vacated offense of carrying a concealed

 weapon, but also Defendant’s conviction for possession of a firearm with an

 altered/removed serial number. Consequently, Defendant’s third challenge raised on

 appeal pertaining to the trial court’s jury instruction as to the charge of possession of

 a firearm with an altered/removed serial number, as well as his claim of ineffective

 assistance of counsel, are dismissed without prejudice as they are not yet ripe.

 CONCLUSION

¶ 49 The trial court lacked jurisdiction over the charge of possession of a firearm by

 a felon due to the State’s failure to obtain a separate indictment for that charge in

 compliance with N.C.G.S. § 14-415.1. Further, the trial court failed to make
 STATE V. NEWBORN

 2021-NCCOA-426

 Opinion of the Court

necessary findings of fact regarding the seized firearm’s accessibility, this error was

potentially sufficiently prejudicial to Defendant, and further findings of fact are

needed to resolve the material conflict of the firearm’s accessibility. In light of the

impact these findings of fact may have on Defendant’s remaining non-vacated

convictions, Defendant’s challenge to the trial court’s jury instruction as to the charge

of possession of a firearm with an altered/removed serial number, as well as his claim

of ineffective assistance of counsel, are not yet ripe for our consideration.

 VACATED IN PART; REMANDED FOR FURTHER FINDINGS IN PART;

DISMISSED WITHOUT PREJUDICE IN PART.

 Judges DIETZ and CARPENTER concur.